UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONNA CRAWFORD, | ) | NO. EDCV 14-1696 AGR |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Donna Crawford filed this action on August 21, 2014.   Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 9, 10.)  On March 25, 2015, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

**I.**

**PROCEDURAL BACKGROUND**

On July 26, 2011, Crawford filed applications for disability insurance benefits and supplemental security income, alleging an onset date of April 26, 2011.  Administrative Record ("AR") 10, 186-95.  The applications were denied initially and on reconsideration.

1  AR 10, 77-78, 99-100.  Crawford requested a hearing before an Administrative Law
2  Judge ("ALJ").  AR 125-26.  On October 30, 2012, the ALJ conducted a hearing at which
3  Crawford and a vocational expert testified.  AR 25-58.  On December 14, 2012, the ALJ
4  issued a decision denying benefits.  AR 10-20.  On June 26, 2014, the Appeals Council
5  denied the request for review.  AR 1-4.  This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to
deny benefits.  The decision will be disturbed only if it is not supported by substantial
evidence, or if it is based upon the application of improper legal standards.  *Moncada v.
Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255,
1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a
preponderance – it is such relevant evidence that a reasonable mind might accept as
adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether
substantial evidence exists to support the Commissioner's decision, the court examines
the administrative record as a whole, considering adverse as well as supporting
evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one
rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60
F.3d at 523.

## III.

## DISCUSSION

### A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his
physical or mental impairment or impairments are of such severity that he is not only
unable to do his previous work but cannot, considering his age, education, and work
experience, engage in any other kind of substantial gainful work which exists in the

2

1  national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed.

2  2d 333 (2003).

3       **B.    The ALJ's Findings**

4       Following the five-step sequential analysis applicable to disability determinations,

5  *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that

6  Crawford has the severe impairments of angina without ischemic heart disease, heart

7  disease, asthma, obesity, depression, anxiety, a remote history of pulmonary embolism in

8  1999, and hypertension.  AR 12-13. Crawford has the residual functional capacity to

9  perform light work, except she can rarely climb ladders, ropes and scaffolds; can have

10  occasional exposure to extreme cold and environmental irritants such as fumes, odors,

11  dusts and gases; can have occasional exposure to poorly ventilated areas; and can have

12  no exposure to unprotected heights.  AR 14.  She is limited to simple, routine and

13  repetitive tasks performed in a work environment free of fast paced production

14  requirements involving only simple work-related decisions and routine workplace

15  changes with superficial and no direct interaction with the public and only occasional

16  interaction with coworkers.  AR 14-15.  She is unable to perform any past relevant work,

17  but there are jobs that exist in significant numbers in the national economy that she can

18  perform such as office helper, small parts assembler and mail clerk.  AR 18-19.

19       **C.    Treating Physician**

20       Crawford contends the ALJ erred in evaluating the opinion of Dr. Kim, a treating

21  physician.

22       An opinion of a treating physician is given more weight than the opinion of

23  non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an

24  uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear

25  _____

26       [1]  The five-step sequential analysis examines whether the claimant engaged in
    substantial gainful activity, whether the claimant's impairment is severe, whether the
27  impairment meets or equals a listed impairment, whether the claimant is able to do his or
    her past relevant work, and whether the claimant is able to do any other work.
28  *Lounsbury*, 468 F.3d at 1114.

3

and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

The record contains a one-page letter dated December 14, 2011, from Dr. Kim of Riverside County Mental Health.  AR 17, 410.  In its entirety, the letter states:

> The above named individual is under psychiatric care due to her severe depression.  She is taking antidepressant medication as prescribed.
>
> Her children are suffering from Attention Deficit Hyperactivity Disorder and her 12 year old child needs extra attention and care for her physical illness.
>
> I believe Ms. Crawford needs to be excused from GAIN-related work program because of her clinical depression and special needs for her children[']s medical care.

AR 410.  The record also contains treatment records from Dr. Kim and mental health providers at Riverside County Mental Health and other facilities.  AR 17, 307-16, 320-46, 417-41, 504-17.

Crawford argues that the ALJ did not provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Kim's opinion.  The ALJ found Dr. Kim's letter to have "little probative value."  AR 17.  Dr. Kim did not provide a description of Crawford's functional limitations in the letter.  The criteria under GAIN is not binding or relevant to whether Crawford is disabled under the Social Security Act.  The ALJ noted

that the treating records refer to Crawford's functioning up to about September 2012, and reflect the opinion that Crawford was unable to maintain a sustained level of concentration, sustain repetitive tasks for an extended period, adapt to new or stressful situations, or interact appropriately with co-workers or supervisors.  AR 17, 418, 516.  The records also reflect the opinion that Crawford cannot complete a 40-hour work week without decompensating.  AR 418.  The ALJ found the functional assessments unsupported by clinical examinations.  AR 17.  The mental status examination on October 18, 2011 indicated Crawford had a neutral mood, a full range in affect, normal thought processes, no abnormalities in thought or perception, normal cognition, and normal judgment and insight.  AR 17, 420.  The ALJ noted similar findings at a January 24, 2012 mental status examination.  AR 17, 428-29.  Even during exacerbation of symptoms, Crawford was assessed with a moderate level of impairment.  AR 18, 341, 358.  The ALJ therefore gave the opinions in the Riverside County Mental Health records "partial weight."[2]  AR 17.

The ALJ may properly discount a treating physician's opinion that is not supported by treatment records.  *See Bayliss*, 427 F.3d at 1216; *Thomas*, 278 F.3d at 957 (ALJ need not accept treating physician's opinion that is inadequately supported by clinical findings); *Valentine v. Comm'r,* 574 F.3d 685, 692-93 (9th Cir. 2009) (inconsistency between treating physician's opinion and his treatment notes constitutes specific and legitimate reason for rejecting treating physician's opinion).  Crawford argues that other medical evidence in the record supports Dr. Kim's opinions.  For example, a May 2011 treatment note from the Los Angeles County Department of Mental Health indicates she had soft and slow speech, impaired intellectual functioning, impaired immediate and recent memory, below average fund of knowledge, dysphoric mood, blunted affect, loose associations, thought blocking concentration, excessive and inappropriate guilt, and poor impulse control.  AR 310.  A May 2011 complex medication support service note

---

[2]  Contrary to Crawford's argument, the ALJ explicitly assigned weight to Dr. Kim's opinion.

1   indicates she was diagnosed with major depression and given a Global Assessment of

2   Functioning ("GAF") score of 50.[3]  AR 312.  However, in August 2011, Crawford was

3   found to have clear speech and neutral mood, appropriate affect, goal-directed thought

4   process, no suicidal or homicidal ideas, no delusions, good attention and concentration,

5   and good memory, judgment, insight, and impulse control.  AR 332-33.  The ALJ could

6   have reasonably concluded that the clinical findings did not support Dr. Kim's opinion.[4]  It

7   is the ALJ's province to resolve conflicts in the medical evidence.  *Andrews v. Shalala*, 53

8   F.3d 1035, 1039 (9th Cir. 1995); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

9   Cir. 1989).  When the evidence is susceptible to more than one rational interpretation, the

10   court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

11        The ALJ properly found that a finding of disability under the GAIN[5] program is not

12   binding.  A treating physician's opinion as to the ultimate determination of disability is not

13   binding on an ALJ.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The existence

14   of disability "is an administrative determination of how an impairment, in relation to

15   education, age, technological, economic, and social factors, affects ability to engage in

16   gainful activity" and is reserved to the Commissioner.  *Id*.  Crawford does not argue that

17   the test for excusal from the GAIN program is the same as the test for disability under the

18   Social Security Act.  Dr. Kim's opinion that Crawford needs to be excused from the GAIN

19

20        [3]  A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation,
21   severe obsessional rituals, frequent shoplifting) or any serious impairment in social,
     occupational, or school functioning (e.g., no friends, unable to keep a job)."  Diagnostic
22   and Statistical Manual of Mental Disorders 34 (4th ed. text rev. 2000).

23        [4]  The ALJ acknowledged that, during this period, Crawford had been laid off and
     then became homeless while trying to care for her three children, factors which could
24   reasonably lead to some depression and anxiety.  AR 18.  By the time of the hearing,
     Crawford had found a place to live.  AR 32.

25        [5]  "The CalWORKS/GAIN program is Riverside County's Welfare-to-Work Program.
26   GAIN stands for Greater Avenues for Independence.  GAIN assists participants with their
     entry [or] reentry to the workforce so they can work their way back to self-sufficiency and
27   leave temporary assistance."
     http://riverside.networkofcare.org/aging/services/agency.aspx?pid=RIVERSIDECOUNTY
     DEPARTMENTOFPUBLICSOCIALSERVICESRIVERSIDECalWORKsGAIN_38_1_0
28   (last visited on May 22, 2015).

1  program is not binding on the question of whether Crawford is disabled under the Social

2  Security Act.

3       Crawford argues that the ALJ should have contacted Dr. Kim to obtain clarification.

4  Rejection of a treating physician's opinion does not by itself trigger a duty to contact the

5  physician for further explanation. *McLeod*, 640 F.3d at 885.  The ALJ made no finding

6  that the evidence was ambiguous or that the record was inadequate to allow for proper

7  evaluation. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's

8  duty to develop the record further is triggered only when there is ambiguous evidence or

9  when the record is inadequate to allow for proper evaluation of the evidence.").

10 Moreover, the ALJ kept the record open for two weeks to allow Crawford and her counsel

11 to submit additional evidence, which they did.  AR 10, 57, 517; *Tonapetyan v. Halter*, 242

12 F.3d 1144, 1150 (9th Cir. 2001) (ALJ satisfies duty to develop record by continuing the

13 hearing or keeping the record open to allow supplementation).  Therefore, the ALJ did not

14 have a duty to contact Dr. Kim.

15      Crawford argues that the ALJ did not order a psychological consultative

16 examination.  The ALJ "has broad latitude in ordering a consultative examination." *Reed*

17 *v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (citation and quotation marks omitted).

18 "The government is not required to bear the expense of an examination for every

19 claimant." *Id.*  A consultative examination may be ordered "[i]f we cannot get the

20 information we need from your medical sources."  20 C.F.R. § 416.919a(a)-(b) (providing

21 examples of circumstances under which ALJ may order consultative examination).

22 Crawford has not shown that the record was inadequate to permit a full and proper

23 evaluation of her mental impairment.  AR 16-18.

24      The ALJ articulated specific and legitimate reasons, supported by substantial

25 evidence in the record, for discounting Dr. Kim's opinion.  The ALJ did not err.

26

27

28

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 28, 2015

ALICIA G. ROSENBERG
United States Magistrate Judge

8